

**Sacco & Fillas, LLP**
Attorneys at Law

31-19 Newtown Avenue
Seventh Floor
Astoria, NY 11102

Tel: 718 746-3440
Direct: 718 269-2254
Direct Fax: 718 744-9341

vbota@saccofillas.com
www.saccofillas.com

Tonino Sacco*
Elias N. Fillas

Luigi Brandimarte*
Lamont K. Rodgers
Joseph Katz

Malik E. Anderson*
Scott L. Appelbaum
Joseph Badalov
James R. Baez*
Joseph Benincasa
Jack Berry
Victor I. Bota*
Nathan A. Brill*
Joanne Ciaramella
David A. Craven
Alex Diaz
Christopher DelCioppio*
Kurt A. Doiron
Jennifer A. Fleming
Ronald B. Groman
Madeline Howard
Zachary S. Kaplan
James Y. Kim*
Eric Lopez
Patricia R. Lynch
John P. Margand
Albert R. Matuza, Jr.
Diamanda Papagiannakis
Andrew Rafalaf
Leopold Raic
Philip R Reid*
Bryan Schenkman
Richard E. Schirmer
Morris J. Schlaf*
Lantao Sun
Clifford R. Tucker*
William W. Wallis*
Michael S. Warycha
Zachary J. Zain
Alex Zhang
Anthony J. Zullo

*Also admitted in New Jersey

December 18, 2025

**VIA ECF**

Hon. Taryn A. Merkl, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Judith Sakelis v. Costco Wholesale and Costo Wholesale Corp.
Docket No.: 1:24-cv-07376
Our File No.: 32042-24

Dear Judge Merkl:

This office represents Plaintiff in the above-referenced matter. The undersigned write to request that this Court appoint a Guardian-ad-litem for the Plaintiff in the instant matter.

At the status conference on July 22, 2025 held before Your Honor, it was indicated that "counsel for Plaintiffs will seek to have a guardian ad litem or other appropriate representative appointed in New York State Surrogate's Court on behalf of Plaintiff." Respectfully, the sole power of appointment of a guardian-ad-litem is in this very Court, pursuant to FRCP 17(c)(2): "A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."

> A court's obligation under Rule 17 to appoint a guardian for an incompetent person is mandatory. Powell v. Symons, 680 F.3d 301, 303 (3d Cir. 2012). A district court must invoke Rule 17 sua sponte and consider whether to appoint a representative for an incompetent person when there is "verifiable evidence of incompetence." Id. at 307. Verifiable evidence of incompetence includes (1) "evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated

**Main Office**
31-19 Newtown Avenue
Seventh Floor
Astoria, NY 11102

**Bayside Office**
42-40 Bell Boulevard
Suite 300
Bayside, NY 11361

**Manhattan Office**
32 Broadway
Suite 1818
New York, NY 10004

**New Jersey Office**
2160 North Central Road
Suite 306
Fort Lee, NJ 07024



31-19 Newtown Avenue
Seventh Floor
Astoria, NY 11102

incompetent," or (2) "evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." Id. (quoting Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 201 (2d Cir. 2003)). Therefore, anecdotal information or layperson opinions do not constitute verifiable evidence.

Mondelli v. Berkeley Heights Nursing & Rehab. Ctr., 1 F.4th 145, 149 (3d Cir. 2021).

At the same time, the Surrogate's Court is not a proper venue for the appointment of a guardian ad litem, as there is no litigation pending in that court involving the Plaintiff herein, thus there is nothing *ad litem* there. Moreover, the Plaintiff is not an infant, nor is she intellectually or developmentally disabled, which are the forms of guardianship which are within the jurisdiction of the Surrogate's Court of the State of New York.

Here, it is respectfully put forth that a Guardian Ad Litem should be appointed for the Plaintiff by this Court and we have made efforts to obtain records necessary since the last Court conference. While the case law makes clear that evidence is required for this purpose, it would be prejudicial to the Plaintiff to make this available at this time. Nevertheless, such records are available for confidential *in camera* inspection, and would be provided to any Guardian Ad Litem that would be appointed in this action.

Very truly yours,

SACCO & FILLAS, LLP

By: Victor I. Bota, Esq.
Morris J. Schlaf, Esq.